IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

STACEY MORGAN,

    Plaintiff,

vs.

HENNA-B-FL AUTOMOTIVE, LLC,
a Florida Limited Liability Company,
d/b/a Thunder Chrysler Dodge Jeep Ram,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, STACEY MORGAN, sues Defendant HENNA-B-FL AUTOMOTIVE, LLC, and shows:

### Introduction

1. This is an action by STACEY MORGAN against her current employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, STACEY MORGAN, (hereinafter "MORGAN") a resident of Polk County, is at all times material, employed by HENNA-B-FL AUTOMOTIVE, LLC, as an

automobile detailer, is an employee as defined by 29 U.S.C. § 203(e), and during her employment with HENNA-B-FL AUTOMOTIVE, LLC, was and currently is engaged in commerce or in the production of goods for commerce. To wit: MORGAN regularly and consistently handles and works with goods and materials such as tools, machines and car cleaning products that traveled in interstate commerce.

5. Defendant, HENNA-B-FL AUTOMOTIVE, LLC, (hereinafter, "HENNA-B-FL AUTOMOTIVE"), is a Florida Limited Liability Company doing business in Polk County, Florida, which owns and operates the Thunder Chrysler Dodge Jeep Ram automobile dealership, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. §§203(d) and (s)(1), in that in that it has employees engaged in commerce of in the production of goods for commerce, and it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, at the dealership where MORGAN was employed.

**Count I – Violation of FLSA by Defendant HENNA-B-FL AUTOMOTIVE – Overtime**

6. Plaintiff, STACEY MORGAN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. Since on or August 2020 through through the present, Defendant HENNA-B-FL AUTOMOTIVE has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MORGAN, since August

2020, worked in excess of 40 hours per week during most weeks of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

8. The failure to pay overtime compensation to MORGAN is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a).

9. HENNA-B-FL AUTOMOTIVE's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MORGAN's status as non-exempt, but chose not to pay her in accordance with the Act.

10. MORGAN is entitled pursuant to 29 U.S.C. § 216(b), to recover from HENNA-B-FL AUTOMOTIVE:

   a. All unpaid overtime that is due;
   b. As liquidated damages, an amount equal to the unpaid overtime owed;
   c. The costs of this action, and;
   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, STACEY MORGAN, prays that this court will grant judgment against defendant HENNA-B-FL AUTOMOTIVE, LLC:

   a. awarding MORGAN payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;
   b. awarding MORGAN an additional equal amount as liquidated damages;
   c. awarding MORGAN her costs, including a reasonable attorney's fee; and
   d. granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: April 26, 2022
Plantation, Florida

          Respectfully submitted,

          ***/s/Robert S. Norell, P.A.***
          Robert S. Norell, Esq. (Fla. Bar No. 996777)
          E-Mail: rob@floridawagelaw.com
          **ROBERT S. NORELL, P.A.**
          300 NW 70th Avenue
          Suite 305
          Plantation, FL 33317
          Telephone: (954) 617-6017
          Facsimile: (954) 617-6018
          *Counsel for STACEY MORGAN*